Case 3:18-cv-00140   Document 21   Filed on 07/30/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 30, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:18-cv-140

NATHANIEL EDWARD, TDCJ #02046770, PLAINTIFF,

v.

MAJOR KENDRICK DEMYERS, *ET AL.*, DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Nathaniel Edward, appearing *pro se* and *in forma pauperis*, filed this suit while a prisoner in the custody of the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ"). Edward filed a civil-rights complaint under 42 U.S.C. § 1983, asserting that TDCJ Executive Director Bryan Collier and certain TDCJ prison employees violated his right to free exercise of his religion (Rastafarianism) under the First and Fourteenth Amendments of the United States Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Texas Religious Freedom Restoration Act ("TRFRA"), and the Texas Equal Rights Amendment ("TERA") (Dkts. 1, 7, 8-1).[1]

---

[1] Throughout this memorandum opinion, the court's citations to specific pages in the record refer to the pagination of docket entries on the court's electronic case-filing ("ECF") system.

1/ 8

In July 2019, Collier moved to partially dismiss, requesting dismissal of the First and Fourteenth Amendment, TRFRA, and TERA claims (Dkt. 10). And in November 2019, Collier moved for summary judgment, requesting that the RLUIPA claim be dismissed (Dkt. 16). On March 24, 2020, the court granted Collier's motion to dismiss Edward's First Amendment, Fourteenth Amendment, TRFRA, and TERA claims (Dkt. 18). In April 2020, Collier filed a supplemental motion for summary judgment, advising the court that Edward had been released from prison, thus making the sole relief Edward seeks under RLUIPA—to grow his hair to shoulder length—moot (Dkt. 20). Edward has not responded to either motion for summary judgment, and the time to respond has expired. Having reviewed the motions, the briefing, the applicable law, and all matters of record, the court concludes that the supplemental motion for summary judgment should be granted.

## I. **STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). The initial burden falls on the movant to identify "those portions of the record it believes demonstrates the absence of a

genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). To meet its burden, the movant "does not need to negate the elements of the claims on which the nonmoving parties would bear the burden of proof at trial," but instead, need only "point out the absence of evidence supporting the nonmoving party's case." *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (internal citation marks and quotations omitted).

Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). The nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). "Conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

Edward proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* litigants are still required to explain or identify specific facts in support of their claims. *See United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015) (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)).

As noted above, Edward has not filed a response to either motion for summary judgment. According to the local rules, any failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. R. 7.4. Notwithstanding Edward's failure to respond, summary judgment may not be awarded by default, even if failure to respond violates a local rule. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). In determining whether summary judgment is warranted, the district court may accept as undisputed the facts set forth in the unopposed motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## II.  **DISCUSSION**

In his supplemental motion for summary judgment, Collier argues that the sole relief Edward seeks in his remaining claim—to grow his hair to shoulder length—was rendered moot by his release from prison (Dkt. 20, at 3). Because the claim is moot, argues Collier, this court lacks subject-matter jurisdiction (*id.* at 5). Attached to the supplemental motion for summary judgment is a certified business

record from TDCJ indicating that Edward's date for discharge was March 18, 2020 (Dkt. 20-1).[2] Publicly available records also show that Edward is no longer incarcerated within the TDCJ prison system. *See Offender Information Search*, Texas Dep't of Criminal Justice, https://offender.tdcj.texas.gov/OffenderSearch/start.action (last visited July 29, 2020). Additionally, the court's March 24 order granting Collier's motion for partial dismissal was returned as undeliverable, along with a notation that Edward has been discharged from prison (Dkt. 19). Edward has not updated the court with his most recent address.

The issue of whether a case is moot presents a jurisdictional question because it implicates the Article III requirement that an actual controversy exist at all stages of federal-court proceedings. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam). "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation. A moot case presents no Article III case

---

[2] In the supplemental motion for summary judgment, Collier states that Edward is no longer housed at the "Skyview Unit" or incarcerated within TDCJ (*see* Dkt. 20, at 4–5). It appears that the reference to the Skyview Unit is in error. At the time Edward filed his complaint and amended complaint, he was housed at the Stringfellow Unit, which is in Brazoria County, and is within the jurisdiction of this court. *See* 28 U.S.C. § 124(b)(1); (Dkts. 1, at 3; 8-1, at 3). There is no indication from the record that Edward was transferred to the Skyview Unit, which is a psychiatric facility located in Rusk County. *See Unit Directory -- Skyview*, Texas Dep't of Criminal Justice, https://www.tdcj.texas.gov/unit_directory/sv.html (last visited July 29, 2020).

or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (citations omitted).

Where, as here, an inmate seeks only injunctive relief, his release from prison moots his claims. *See, e.g.*, *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that inmate's request for injunctive and declaratory relief became moot when inmate was transferred out of the complained-of prison facility); *Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (per curiam) (affirming dismissal of prisoner's freedom-of-religion claims as proper because inmate's claims became moot upon his release from prison); *Busick v. Neal*, 380 F. App'x 392, 398 (5th Cir. 2010) (per curiam) (holding that plaintiff's claims seeking declaratory and injunctive relief on the basis that he was denied his right to religious freedom at the jail were rendered moot by his transfer from the jail); *Edward v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (affirming dismissal of claims seeking injunctive relief when inmate was no longer housed at complained-of prison facility).

Because Edward is no longer incarcerated in any facility maintained by TDCJ—and, thus, there is no reasonable likelihood that the alleged violation will recur—Collier has demonstrated that Edward's request for injunctive relief is moot. *See Herman*, 238 F.3d at 665 (holding that inmate's request for injunctive relief became moot when inmate was transferred out of prison facility and "[a]ny

suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief"); *Busick*, 380 F. App'x at 398 (explaining that since prisoner was transferred away from jail facility and there was no indication that he would return to the facility, his claims seeking declaratory and injunctive relief were moot).

Thus, because a moot claim "no longer present[s] a case or controversy under Article III, § 2 of the Constitution[,]" *Spencer*, 523 U.S. at 7, mootness deprives a federal court of subject-matter jurisdiction. *See Savidge v. Fincannon*, 836 F.2d 898, 904 (5th Cir. 1988) (explaining that "mootness removes a federal court's authority to adjudicate"); *Fox v. Bd. of Trs.*, 42 F.3d 135, 140 (2d Cir. 1994) ("[T]he condition of mootness . . . is a condition that deprives the court of subject matter jurisdiction."). Accordingly, this civil action should be dismissed for lack of subject-matter jurisdiction.

### III. CONCLUSION

For the reasons stated above the court **ORDERS** as follows:

1. Defendant Collier's Supplemental Motion for Summary Judgment of Plaintiff's Claim Under the Religious Land Use of Institutionalized Persons Act (Dkt. 20) is **GRANTED**.

2. Edward's claim under the Religious Land Use and Institutionalized Persons Act is **DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.**

3. Any remaining motions are **DENIED AS MOOT**.

The clerk will provide a copy of this order to the parties.

Signed on Galveston Island this 30th day of July, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE